John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Ryan V. Fraser (SBN 272196)
rfraser@bklwlaw.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

Attorneys for Defendant MARIETTA TERABELIAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>RICHARD AYVAZYAN,<br>MARIETTA TERABELIAN,<br>ARTUR AYVAZYAN,<br>TAMARA DADYAN,<br>MANUK GRIGORYAN,<br>ARMAN HAYRAPETYAN,<br>EDVARD PARONYAN, and<br>VAHE DADYAN,<br><br>*Defendants.* | Case No.  2:20-cr-579-SVW<br><br>**SUPPLEMENTAL SENTENCING DOCUMENTS REGARDING MARIETTA TERABELIAN**<br><br>Hon. Stephen V. Wilson<br><br>Sentencing Hearing Date & Time:<br>November 15, 2021, at 11:00 a.m. |

For the Court's consideration in sentencing, counsel hereby submits the attached supplemental letter on behalf of Marietta Terabelian and the July 22, 2021, declaration of Ryan V. Fraser, summarizing the plea negotiations regarding Terabelian, which was previously filed in support of Terabelian and Richard Ayvazyan's joint submission regarding *Kastigar*. On the record at the *Kastigar* hearing, on behalf of Terabelian, attorney John L. Littrell asked DOJ Trial Attorney Christopher Fenton whether he disagreed with any part of this declaration. Mr. Fenton then reviewed the declaration and responded that he did not.

Dated:   November 12, 2021            Respectfully submitted,

BIENERT KATZMAN
LITTRELL WILLIAMS LLP

*/s/ Ryan V. Fraser*
John L. Littrell
Ryan V. Fraser
*Counsel for Defendant Marietta Terabelian*

# Letter from Harutun Akopyan, Cousin of Marietta Terabelian

November 1, 2021

To Whom It May Concern:
Subject: Letter in Support of Mary Terabelian

My name is Harutun Akopyan. I am a Cardiac Cath Laboratory consultant, working in the healthcare field for over 15 years. I wanted to write this letter with the intention to represent Mary's character as a thoughtful mother and loved one to her family and friends.

Mary is my oldest cousin. She is 6 years older than me. I have known Mary my whole life, and as far as I can recollect, Mary has always been a great role model, older sister, and positive example for my sisters and me. She has provided great knowledge and guidance when needed growing up, and she has given my sisters and I a positive childhood to remember for years to come.

We grew up in my grandparents' home, where Mary would sit us down as young children, and read us books, sing to us, and play together while our parents were busy at work. She truly played the role of an older sister and provided us with great insight on everything she wanted us to know about life. As we grew older, our lives became busier, while Mary got married and had children, but Mary never missed a chance to call my sisters and I to see how we were doing. Mary always knew how to put a smile on our face and would always start her conversations with a funny joke, to make us smile.

Mary always knew how to create a positive environment when needed.  I remember the day when my grandfather passed away, and we rushed to my grandparents' house to be together as a family. As we sat there, crying, all of us grandchildren, I remember Mary stand up and look at all of us. She told us that grandpa would never want us to cry, but to always remember the good times we had together. After that moment, my cousins and I started sharing funny stories of my grandpa, and that is how we got through one of the hardest chapters of our lives. Mary to the rescue.

My intention to write this letter is for you to understand that Mary is not only a trustworthy individual, but also a loyal person to her family and friends. Mary has a family and young child who need guidance and support, the same guidance and support that was provided to my sisters and I growing up. I hope to see that transpire for her family and her, so she can provide that much-needed support to them in this time of need. Mary deserves a chance to raise her children and be there for them through their growing years. I hope to see that she is deserving of this opportunity, because she too, would want the same for others.


Respectfully,

Harutun Akopyan

_____
Harutun Akopyan (Nov 12, 2021 15:40 PST)

# July 22, 2021
# Declaration of Ryan V. Fraser

John L. Littrell (SBN 221601)
jlittrell@bklwlaw.com
Ryan V. Fraser (SBN 272196)
rfraser@bklwlaw.com
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
601 W. 5th Street, Suite 720
Los Angeles, CA 90071
Telephone: (213) 528-3400
Facsimile: (949) 369-3701

Attorneys for Defendant MARIETTA TERABELIAN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD AYVAZYAN, MARIETTA TERABELIAN, et *al.*,<br><br>Defendants. | Case No. 2:20-cr-579-SVW<br><br>Hon. Stephen V. Wilson<br><br>**DECLARATION OF RYAN V. FRASER IN SUPPORT OF RICHARD AYVAZYAN AND MARIETTA TERABELIAN'S JOINT SUBMISSION REGARDING *KASTIGAR*** <br><br>Hearing Date: July 28, 2021<br>Time: 10:00 a.m. |

1

I, Ryan V. Fraser, declare as follows:

1. I am an attorney admitted to practice in the State of California. I practice at the law firm of Bienert Katzman Littrell Williams, LLP ("BKLW"), which represents defendant Marietta Terabelian in this case. BKLW Partner John Littrell is my co-counsel. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Ms Terabelian authorized Mr. Littrell and me to engage in plea negotiations with the government. She expressed a desire to resolve the case in a way that would avoid her going to prison so that she could care for her three children.

3. Over the course of three phone calls—on May 7, 10, and 13, 2021—Mr. Littrell and I discussed with the prosecution team in this case the possibility of a plea agreement on behalf of Ms. Terabelian.

4. In the May 7, 2021, phone call, Mr. Littrell asked DOJ Trial Attorney Christopher Fenton and Assistant United States Attorney ("AUSA") Scott Paetty whether the government was open to plea negotiations with us, and they indicated they were. Mr. Paetty indicated he and Mr. Fenton would discuss among the prosecution team what terms the government would consider acceptable and get back to us.

5. In the May 10 call, AUSA Catherine Ahn, Mr. Fenton, and Mr. Paetty participated on behalf of the government; Mr. Littrell and I participated on behalf of Ms. Terabelian. Ms. Ahn discussed the terms of a plea offer that the government tentatively may be willing to offer Ms. Terabelian. Ms. Ahn indicated that she did not have supervisory approval yet, but suggested that Ms. Terabelian plead guilty to loans she is directly responsible for, which Ms. Ahn clarified would mean pleading guilty to counts related to loans involving the Viktoria Kauichko identity or the use of Nazar Terabelian's name, including the count charging Ms. Terabelian with violating 18 U.S.C. § 1028A. Ms. Ahn suggested this agreement would reduce the anticipated loss amount from almost $20 million to $1.79 million and result in a total offense level of 22 after a downward adjustments for acceptance of responsibility. Ms. Ahn stated that

we would be free to request additional reductions, such as a mitigating-role adjustment. Under the terms of this plea proposal, the government envisioned that it would take the position at sentencing that the Guidelines custodial range would be 65 to 75 months. That range would have resulted from adding 24 months to the otherwise-applicable 41- to 51-month range, to account for the § 1028A conviction.

      Mr. Littrell asked the government to consider resolving the case in a way that would enable Ms. Terabelian to argue for a non-custodial sentence so she would remain available to care for her children. He argued that Ms. Terabelian was significantly less culpable participant than her husband. Mr. Fenton explained that he regarded Ms. Terabelian and Richard Ayvazyan as being like "Bonnie and Clyde." He said that they were "partners and two peas in a pod," positing that when a woman would be needed to make a phone call as Kauichko, Terabelian would do it. Fenton also emphasized his belief that "she's going out and spending money *as Viktoria Kauichko*." (I have italicized the words "as Viktoria Kauichko" because Mr. Fenton emphasized those words through his tone of voice in the call.) He said that "[i]n many respects, you can't distinguish them because they're working so closely together." The call ended with each side leaving room for further plea discussions.

    6.    In the May 13 call, Ms. Ahn discussed a new and different potential resolution, which was that Ms. Terabelian would plead guilty to the same charges previously contemplated, except not the § 1028A charge, so that there would be no mandatory custodial sentence. However, the government would require that Ms. Terabelian agree to plead to money laundering, resulting in an adjusted offense level of 24, ultimately implying a government-recommended Guidelines range for the custodial sentence of 51 to 63 months. The government acknowledged the Guidelines range it would be recommending pursuant to the new tentative proposal was not much lower than in the initial tentative offer but emphasized that the revised offer at least afforded some hope for probation because there would be no § 1028A conviction.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 22nd day of July, 2021, at Glendale, California.

                                                */s/ Ryan V. Fraser*
                                                Declarant